FILED
2013 Nov-12 PM 05:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| AMERICAN CHEMICALS & EQUIPMENT, INC. 401(K) RETIREMENT PLAN, <br><br> Plaintiff, <br><br> v. <br><br> PRINCIPAL MANAGEMENT CORPORATION and PRINCIPAL GLOBAL INVESTORS, LLC, <br><br> Defendants. | Case No. 2:13-cv-01601-AKK <br><br><br><br><br> Motion is: **OPPOSED** |

**DEFENDANTS' REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS**

I. **By Copying Significant Portions of the *Curran* Complaint, Plaintiff Also Copied Its Deficiencies**

Plaintiff's response makes clear that the outcome of this motion turns on whether Plaintiff is asserting the same legal theories the court rejected in *Curran*. While Plaintiff claims that it did not copy the complaint in *Curran*, even a cursory comparison of the two complaints shows that Plaintiff copied whole sections of the *Curran* complaint verbatim.[1]  The best evidence is Count II, a claim for "Excessive profits from economies of scale," which Plaintiff copied from the *Curran* complaint even though the *Curran* court dismissed it.  *See Curran v. Principal Mgmt. Corp.*, No. 4:09-cv-00433, 2010 WL 2889752, at *10 (S.D. Iowa June 8, 2010).  Plaintiff does not even try to defend Count II in its response.

To try to salvage Count I, Plaintiff misrepresents both the nature of the claims asserted in *Curran* and the court's holding.  Plaintiff contends the *Curran* complaint was different because it sought "recovery of not just the fees taken by the Defendants, but also the fees taken by the *sub-advisors* to the underlying funds in the SAM Fund." Dkt. 24 at 2-3 (emphasis added).  The *Curran* complaint expressly "disavowed any § 36(b) challenge regarding the fees paid to the *subadvisors*." 2010 WL 2889752, at *10 n.10 (emphasis added); *accord* Dkt. 12-3 at ¶ 44.  Thus, Plaintiff's claim that *Curran* is somehow "limited" to fees charged

---

[1] *Compare, e.g.*, Compl. ¶¶ 33-38 *with* Dkt. 12-3 ¶¶ 15-20, Compl. ¶¶ 40-43 *with* Dkt. 12-3 ¶¶ 27-30, Compl. ¶¶ 44-45 *with* Dkt. 12-3 ¶ 33-34, Compl. ¶¶ 63-64 *with* Dkt. 12-3 ¶¶ 67-68, Compl. ¶¶ 65-67 *with* Dkt. 12-3 ¶¶ 60-63, Compl. ¶¶ 77-82 *with* Dkt. 12-3 ¶¶ 90-94, Compl. ¶¶ 84-86 *with* Dkt. 12-3 ¶¶ 96-98, Compl. ¶¶ 87-88 *with* Dkt. 12-3 ¶¶ 108-109.

by the sub-advisors (Dkt. 24 at 3) is false.  The *Curran* court held that plaintiffs could not bring claims regarding any of the "fees charged by the Underlying Funds," which is exactly what Plaintiff is trying to do.  *Curran v. Principal Mgmt. Corp.*, 2011 WL 223872, at *4 (S.D. Iowa Jan. 24, 2011).  Plaintiff's retention of an expert to compute the financial impact cannot create standing.

Moreover, Plaintiff does not explain why this purported distinction makes any difference.  The *Curran* court made clear that the issue before it was "whether a person who own shares in a fund of funds qualifies as a 'security holder of' funds acquired by the fund of funds."  *Id.* at *2.  This is the exact same legal issue raised by the Complaint here: whether Plaintiff has standing to contest the fees charged by the underlying funds in which the LifeTime Funds invest.  Plaintiff does not dispute that the "Acquired Funds Fees" are the indirect costs associated with investing in the underlying funds.[2]

Therefore, Plaintiff asserts the same deficient claim made in *Curran*: that it is entitled to recover fees that the funds of funds shareholders indirectly pay to the advisor of the underlying funds.  *See* Dkt. 12-3 at ¶¶ 115-17.  Plaintiff does not dispute the propriety of *Curran*'s holding that shareholders of a fund of funds lack standing to pursue claims concerning the underlying funds because they are not

---

[2] The Acquired Funds Fee is not an extra fee levied on LifeTime Funds shareholders.  Rather, it is a line item in the fee table that represents the indirect cost of investing in all of the underlying funds.  The only way LifeTime Fund shareholders would incur a lower Acquired Funds Fee is if each of the underlying funds lowered their expense ratios.  *See* Dkt. 21-2 at 2-3, 6-7.

2

"security holders" of those underlying funds and "do not hold any 'securities' in the Underlying Funds." *Curran*, 2011 WL 223872 at *3. Instead, Plaintiff quotes the definition of "security" in the ICA and then contends, with no support whatsoever, that it holds a security in the underlying funds. Dkt. 24 at 5-6. The shares of the LifeTime Funds and the underlying funds are each securities, but Plaintiff's status as a security holder of the LifeTime Funds does not make it a security holder of any underlying fund. *See* Dkt. 21-1 at 5-10. Plaintiff's claim that it needs unspecified discovery to prove it has standing is insupportable; courts routinely decide standing to bring a Section 36(b) case on motions to dismiss. *See* Dkt. 21-1 at 8 n. 4 (citing cases); *Forsythe v. Sun Life Fin., Inc.,* 417 F. Supp. 2d 100, 118 (D. Mass. 2006) (standing "is particularly important in securities litigation . . . to avoid vexatious litigation and abusive discovery").[3]

Plaintiff has not otherwise identified any allegations in its Complaint that would allow this Court to conclude that it is a security holder of the underlying funds. It has not "identified any agreement or instrument between themselves and the Underlying Fund which functions as a security—let alone pled facts sufficient to allow a reasonable inference that such an agreement or instrument exists." *Curran*, 2011 WL 223872, at *3. Nor does Plaintiff identify any "incidents of

---

[3] *Davis v. University of Montevallo*, 586 So. 2d 27, 28-29 (Ala. Civ. App. 1991) (remanding wrongful termination case to determine if plaintiff university employee was under contract and therefore had a "property interest" to pursue his claims), Dkt. 24 at 6, has no relevance here.

3

ownership or possession" that it enjoys with respect to the underlying funds. *Id*. at *4. Accordingly, Plaintiff lacks standing, and the Complaint should be dismissed.

## II. Plaintiff Also Fails to State a Claim Under Section 36(b)

Courts have frequently dismissed bare-bones Section 36(b) complaints at the pleading stage. *See, e.g., Amron v. Morgan Stanley Inv. Advisors Inc.*, 464 F.3d 338, 342-44 (2d Cir. 2006); *Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 327 (4th Cir. 2001).[4] Plaintiff's response concerning the *Gartenberg* factors demonstrates that the Complaint here should suffer the same fate.

*Nature and Quality of Services*. Plaintiff admits that it has "made no allegations with respect to services that the Defendants provide to the underlying funds" (Dkt. 24 at 4), and because it also does not challenge the three-basis-point management fee charged to the LifeTime Funds (Dkt. 1 at ¶ 13), Plaintiff has failed to "address in any way the relationship between the fees that the advisors received and the services which they provided in return." *Migdal*, 248 F.3d at 327.

*Comparative Fee Structures*. Plaintiff does not respond to cases holding that comparisons to Vanguard fees are inapt in a 36(b) case. *See* Dkt. 21-1 at 13; *see also Kalish v. Franklin Advisers, Inc.*, 742 F. Supp. 1222, 1250 (S.D.N.Y. 1990). Plaintiff's other allegation, that Edge Asset Management would charge the

---

[4] Plaintiff's citations (Dkt. 24 at 9-10) involved allegations that are far more specific than those alleged here. *See*, *e.g.*, *In re Federated Mut. Funds Excessive Fee Litig.*, 2:04CV352, 2009 WL 5821045, at *7 (W.D. Pa. Sept. 30, 2009) (fund's expense ratio was "highest expense ratio of all 266 large open-ended funds evaluated by Morningstar").

LifeTime Funds 23 basis points for similar services (Dkt. 1 at ¶ 54; Dkt. 24 at 12), not only seems to have been pulled out of thin air, but is inapt because it does not allege that the *funds* serviced by Edge are *comparable* to the LifeTime Funds.  *See Kalish*, 742 F. Supp. at 1230-31.

*Economies of Scale*.  Plaintiff's response amounts to a claim that every time a fund grows, it must lower its fees or face a Section 36(b) claim.  No court has embraced that view.

*Profitability, Independence of Directors, and Fallout Benefits*.  Plaintiff concedes that it made no allegations regarding these factors, but instead claims it needs discovery to do so.  Plaintiff must have a "reasonably founded hope that the discovery process will reveal relevant evidence" before subjecting Defendants to lengthy and costly discovery.  *Amron*, 464 F.3d at 346 (citations omitted).  Rather than explain such a "reasonably founded hope," Plaintiff simply says it does not know the Funds' profit figures, Dkt. 24 at 12-13.  This is insufficient to survive a motion to dismiss.[5]

## CONCLUSION

Accordingly, Defendants respectfully request that this Court dismiss the Complaint in its entirety and with prejudice.

---

[5] Plaintiff claims that Defendants do not contest the truth of the Complaint's allegations (Dkt. 24 at 1), but of course that is not an appropriate challenge on a motion to dismiss, which requires the Court to *assume* the allegations are true.

5

Dated: November 12, 2013                    Respectfully submitted,

/s/ Mark B. Blocker

| | |
|---|---|
| Michael D. Mulvaney | Mark B. Blocker (admitted *pro hac vice*) |
| mmulvaney@maynardcooper.com | mblocker@sidley.com |
| Edward M. Holt | Sarah H. Newman (admitted *pro hac vice*) |
| tholt@manardcooper.com | snewman@sidley.com |
| Maynard Cooper & Gale PC | Sidley Austin LLP |
| 1901 Sixth Avenue North | One South Dearborn St. |
| 2400 Regions Harbert Plaza | Chicago, IL 60603 |
| Birmingham, AL 35203 | Telephone: (312) 853-7000 |
| Telephone: (205) 254-1102 | Facsimile: (312) 853-7036 |
| Facsimile: (205) 254-1999 | |
| | Alex. J. Kaplan (admitted *pro hac vice*) |
| | ajkaplan@sidley.com |
| | Sidley Austin LLP |
| | 787 Seventh Avenue |
| | New York, NY 10019 |
| | Telephone: (212) 839-5300 |
| | Facsimile: (212) 839-5599 |

*Counsel for Defendants*
*Principal Management Corporation and Principal Global Investors, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2013, a copy of Defendants' Reply in Further Support of Their Motion to Dismiss was filed electronically. Notice of the filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Mark B. Blocker
*One of the Attorneys for Defendants*
*Principal Management Corporation*
*and Principal Global Investors, LLC*