# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| AMERICAN CHEMICALS & EQUIPMENT INC. 401(K) RETIREMENT PLAN, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>PRINCIPAL MANAGEMENT CORPORATION and PRINCIPAL GLOBAL INVESTORS, LLC, )<br>)<br>)<br>)<br>)<br>Defendants. ) | Civil Action Number<br>**2:13-cv-1601-AKK** |

## MEMORANDUM OPINION

Plaintiff American Chemicals & Equipment, Inc. 401(k) Retirement Plan ("Plaintiff"), a retirement plan of an Alabama corporation, filed this action on behalf of the shareholders of six mutual funds (the "LifeTime Funds"). Plaintiff alleges that the LifeTime Funds' investment advisors, Defendants Principal Management Corporation ("PMC") and Principal Global Investors, LLC ("PGI") (collectively, "Defendants"), breached their statutory fiduciary duty under Section 36(b) of the Investment Company Act of 1940 ("ICA"), 15 U.S.C. § 80a-35(b), by charging unfair and excessive fees for their advisory services and retaining excess

profits derived from economies of scale.[1] Doc. 1 ¶¶ 92–99. Before the court is Defendants' motion to transfer this case to the Southern District of Iowa pursuant to 28 U.S.C. § 1404. Doc. 11. The motion is fully briefed.[2] *See* docs. 12, 15, 20. For the reasons outlined below, Defendants' motion is due to be **GRANTED**.

## I. BACKGROUND

The LifeTime Funds are diversified portfolios of Principal Funds, Inc. ("PFI"), an investment company headquartered in Des Moines, Iowa. Doc. 12-1 ¶ 3. The LifeTime Funds' only holdings consist of other PFI mutual funds (a so-called "fund of funds"), and those holdings change over time as the date of an investor's expected retirement approaches (a "target-date" fund). Doc. 1 ¶¶ 2–3.

---

[1]The ICA provides:

> For the purposes of this subsection, the investment adviser of a registered investment company shall be deemed to have a fiduciary duty with respect to the receipt of compensation for services, or of payments of a material nature, paid by such registered investment company, or by the security holders thereof, to such investment adviser or any affiliated person of such investment adviser. An action may be brought under this subsection by the Commission, or by a security holder of such registered investment company on behalf of such company, against such investment adviser, or any affiliated person of such investment adviser, or any other person enumerated in [15 U.S.C. § 80a-35(a)] who has a fiduciary duty concerning such compensation or payments, for breach of fiduciary duty in respect of such compensation or payments paid by such registered investment company or by the security holders thereof to such investment adviser or person.

15 U.S.C. § 80a-35(b).

[2]Defendants' brief in support of their motion to transfer exceeds the ten page limit. *See* doc. 12. The court will construe this submission as a motion to enlarge the page limit. So construed, and upon due consideration, the motion is **GRANTED**.

PMC and PGI, Iowa-based companies with their principal places of business in Des Moines, Iowa, serve as the investment advisor and sub-advisor, respectively, of the LifeTime Funds. *Id.* ¶¶ 29–30. PMC provides extensive services to the LifeTime Funds, including, *inter alia*, monitoring PGI in its role as sub-advisor, providing portfolio management services, and providing substantial accounting, regulatory, compliance, and transfer agency services. Doc. 12-1 ¶¶ 5, 7. PGI provides portfolio management services to the LifeTime Funds. *Id.* ¶ 7.

Every year, PMC and PGI make a proposal to the PFI Board of Directors (the "Board") regarding the fees they intend to charge the LifeTime Funds. After considering and evaluating the proposal, the Board makes a final decision about the proposed fees at its September Board meeting in Des Moines, Iowa. *Id.* ¶ 9. If the Board approves the fees, Defendants enter into contracts with PFI that govern the terms of Defendants' relationship with the LifeTime Funds and set forth the fees that Defendants can charge the LifeTime Funds. *Id.* The fees charged are the basis for this lawsuit.

## II.  STANDARD

A district court may transfer a civil action to any other district in which the action may have been filed "for the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In addressing a motion under §

1404(a), the court must establish first that the plaintiff could have originally filed the case in the venue to which it seeks to transfer the case, and, second, weigh a number of factors to determine if transfer is justified. *Stiefel Labs., Inc. v. Galderma Labs., Inc.*, 588 F. Supp. 2d 1336, 1338 (S.D. Fla. 2008). Significantly, the burden is on the movant to show that the suggested forum is more convenient or that litigation there would be in the interest of justice. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). Ultimately, "[t]he decision to transfer a case to another district is left to the sound discretion of the trial court." *Brown v. Conn. Gen. Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir. 1991).

### III. ANALYSIS

The parties do not dispute, and this court agrees, that venue would be proper in the Southern District of Iowa because Defendants are Iowa corporations with their principal places of business in Des Moines, Iowa. Doc. 1 ¶¶ 29–30; *see also* 15 U.S.C. § 80a-43 ("Any suit or action to enforce any liability or duty created by, or to enjoin any violation of, [the ICA], may be brought in any such district or in the district wherein the defendant is an inhabitant or transacts business."); 28 U.S.C. § 1391(b)(1) (venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located."). Consequently, the only issue here is whether the balance of factors

justifies a transfer in this case. To reach this determination, the court must utilize and weigh the following factors:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative fact; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). As shown below, these factors militate in favor of the transfer of venue.

### A.    Weight Accorded Plaintiff's Choice of Forum

Generally, the plaintiff's choice of forum receives considerable deference. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981) ("a plaintiff's choice of forum is entitled to greater deference when the plaintiff has chosen the home forum"); *see also Robinson v. Giarmarco Et Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) (plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations). However, in derivative actions, "the plaintiff may . . . be a mere phantom plaintiff with interest enough to enable him to institute the action and little more." *Koster v. (Am.) Lumbermens Mut. Cas. Co.*, 330 U.S.

518, 525 (1947).³ In such cases, the "high significance" of the plaintiff's choice of forum is diminished. *Id.* Further, "where the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration." *Windmere Corp. v. Remington Products, Inc.*, 617 F. Supp. 8, 10 (S.D. Fla. 1985); *see also Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1260 (W.D. Wash. 2005) ("Where the action has little connection with the chosen forum, less deference is accorded plaintiff's choice, even if plaintiff is a resident of the forum.").

In this case, Plaintiff has not "taken some active part in the corporate affairs, [does not] have personal knowledge of them, [and has not] had dealings in course of protest and objection which make it requisite or at least expedient for [it] personally to be present at the trial." *Koster*, 330 U.S. at 525. Further, even though Plaintiff resides in this judicial district, Plaintiff's claims have little connection with this district. *See infra* Part III.D. Accordingly, the court accords this factor little weight.

---

³*Koster*, applying the doctrine of *forum non conveniens*, dealt with an alternative forum in Illinois prior to the passage of 28 U.S.C. § 1404. 330 U.S. at 520. 28 U.S.C. §§ 1404 and 1406 supplanted the common law doctrine of *forum non conveniens*. *American Dredging Co. v. Miller*, 510 U.S. 443, 449 n.2 (1994). However, the doctrine still applies in cases where the alternative forum is abroad or possibly a state or territorial court. *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430 (2007).

### B.     Convenience of the Parties and Witnesses

The convenience of the parties and witnesses is often considered the single most important factor in the transfer analysis. *Stiefel Labs., Inc.*, 588 F. Supp. 2d at 1339. Based on the unrefuted evidence, four of the five portfolio managers for the LifeTime Funds are located in Des Moines, Iowa, and the fifth is in New York. Doc. 12-1 ¶ 7. All employees at PMC who provide accounting and compliance services for the LifeTime Funds are located in Des Moines, Iowa. *Id.* ¶ 5. All of the Defendants' executive officers are located in Des Moines, Iowa. *Id.* ¶ 6. Of the eleven PFI Board members, four are in the Southern District of Iowa; two are in the Chicago, Illinois area; two are in Spokane, Washington; one is in California; one is in both California and New York; and one is in the Washington, D.C. area. *Id.* ¶ 10. In other words, a majority of the witnesses who participated in the fee negotiations reside in the Southern District of Iowa, and no witness with material testimony resides in Alabama. *See* doc. 12-1 ¶¶ 5–7, 10; *see also Herbert Ltd. P'ship v. Elec. Arts, Inc.*, 325 F. Supp. 2d 282, 286 (S.D.N.Y. 2004) ("When assessing the convenience of witnesses, . . . the court must qualitatively evaluate the materiality of the testimony that the witnesses may provide.").

Plaintiff argues that these facts do not favor a transfer because it is unlikely that Plaintiff will require any witness to travel to Alabama for pretrial discovery.

Doc. 20 at 3. While this may be the case, these witnesses may nonetheless have to attend the trial and any pretrial hearing that requires their testimony. This fact makes this district an inconvenient forum for a majority of the witnesses. In contrast, although Plaintiff resides in Alabama, doc. 1 ¶ 28, transferring this matter will create no hardships for Plaintiff because this is a derivative action in which Plaintiff will "make no showing of any knowledge by which [its] presence would help to make whatever case can be made [on] behalf of the [shareholders]." *Koster*, 330 U.S. at 525. Additionally, any concern by Plaintiff regarding the inconvenience of a transfer to Iowa for its counsel would prove minor at best because Plaintiff is represented by counsel from Arizona, Florida, Illinois, and California. In other words, contrary to Plaintiff's contention, a transfer would not "merely shift[] the inconvenience from one party to another." *Eye Care International, Inc. v. Underhill*, 119 F. Supp. 2d 1313, 1319 (M.D. Fla. 2000). Accordingly, the convenience of the parties and witnesses weighs heavily in favor of transfer.

C.  **Location of Relevant Documents and Ease of Access to Sources of Proof**

Defendants' documents relating to the LifeTime Funds are located primarily in Des Moines, albeit in electronic format. *See* doc. 12-1 ¶ 12. While this factor favors transfer, it carries less weight "in the current world of expedited transfer of

information." *Stiefel*, 588 F. Supp. 2d at 1340; *see also Watson v. Earthbound Holding, LLC*, 2012 WL 3775760, *3 (N.D. Ala. Aug. 27, 2012) (citing *Dendy v. Decker Truck Line, Inc.*, 2010 WL 3398987, *3 (M.D. Ala. Aug. 26, 2010)). Thus, the court affords this factor little weight.

**D.     The Locus of Operative Fact**

Defendants contend that all material events related to Plaintiff's claims transpired in the Southern District of Iowa. Doc. 12 at 13. Indeed, all decisions regarding the amount of fees paid by the LifeTime Funds were made in Des Moines, Iowa. *See* doc. 12-1 ¶ 4, 9. Although Plaintiff asserts that the Northern District of Alabama "has significant connections to the litigation,"[4] doc. 15 at 7, the connections Plaintiff enumerates had little or no affect on the amount of fees negotiated by Defendants and PFI, which lies at the heart of Plaintiff's claims. Accordingly, this factor weighs in favor of transfer.

**E.     Availability of Process to Compel the Attendance of Unwilling Witnesses**

There are no witnesses to the allegedly wrongful conduct that reside in

---

[4]Plaintiff notes that it "resides here, negotiated and executed the Agreement that led to the mutual fund share purchases in question and related fee overcharges by Defendants here, received quarterly and annual statements concerning the fees in question here, purchased the mutual fund shares in question here, and paid the alleged excessive fees to Defendants from here. In addition, Defendants disseminated documents relevant to this case in this District, marketed the mutual funds at issue in this District and operate offices in the District." Doc. 15 at 7.

Alabama. *See* doc. 12-1 ¶¶ 5–7, 10. On the other hand, several non-party witnesses reside in the Southern District of Iowa—specifically, the members of the PFI Board of Directors. *Id.* ¶ 10. Moreover, former employees of Defendants who potentially witnessed any wrongful conduct related to fee decisions occurring in Des Moines, Iowa are far more likely to reside in the Southern District of Iowa. Consequently, this court would lack the ability to compel non-party witnesses to appear at trial if any party wants these individuals to testify at trial. Accordingly, this factor weighs heavily in favor of transfer.

**F.      Relative Means of the Parties**

Although Defendants are corporations and perhaps have greater resources than Plaintiff, there is no evidence that Plaintiff would endure substantially greater hardship by traveling to Iowa. In fact, as Plaintiff admits, "the vast majority of pretrial depositions in this action will take place at Defendants' headquarters or where the deponent is located." Doc. 15 at 8. Moreover, there are no witnesses with material testimony in Alabama, and a majority of Plaintiff's counsel are from outside Alabama. Accordingly, the court affords this factor little weight.

**G.      Forum's Familiarity with the Governing Law**

The court affords this factor no weight because all federal courts are equally capable of properly applying federal law.

**H.     Trial Efficiency and the Interests of Justice**

This factor weighs in favor of transfer because the majority of the witnesses are located in the Southern District of Iowa, none are located in the Northern District of Alabama, and holding a trial in the Southern District of Iowa provides better efficiencies for the parties.

## VI.  CONCLUSION

The court finds, in its discretion and based on the totality of the circumstances, that the balance of factors weighs heavily in favor of transferring this case to the Southern District of Iowa. Accordingly, Defendants' motion to transfer, doc. 11, is due to be **GRANTED**.

A separate order consistent with this Memorandum Opinion will be entered contemporaneously.

**DONE** the 24th day of January, 2014.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE