IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| AMERICAN CHEMICALS & EQUIPMENT, INC. 401(K) RETIREMENT PLAN,<br>    Plaintiff,<br>vs.<br>PRINCIPAL MANAGEMENT CORPORATION and PRINCIPAL GLOBAL INVESTORS, LLC,<br>    Defendants. | No. 4:14-cv-00044-JAJ<br><br>**ORDER** |

This case arises from two complaints filed by Plaintiff, American Chemicals & Equipment, Inc., under the Investment Company Act of 1940 ("ICA"). Plaintiff holds shares in mutual funds managed by Defendants. The ICA provides that investment managers like Defendants owe a fiduciary duty to shareholders of the funds they manage. Plaintiff's complaints allege that Defendants violated this duty by charging excessive fees in relation to the funds' acquisition and management of assets, as revealed by what is called an Acquired Funds Fees and Expenses ("AFFE") disclosure.

This matter comes before the Court pursuant to Defendants' November 16, 2015, motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiff resisted Defendants' motion for summary judgment on December 15, 2015, and Defendants filed their reply on December 30, 2015. The Court previously ruled on Defendants' motion to dismiss, in which it discussed a standing issue which has proven to be the heart of this case. [Dkt. 86].[1] In its motion for summary judgment, Defendants reiterate their standing arguments in addition to arguing that Plaintiff has failed to raise a genuine issue of material fact with respect to the merits of its ICA claim.

---

[1] The Court's order on Defendants' motion to dismiss and the instant order both apply to Plaintiff's original complaint and Plaintiff's August 27, 2014 "Anniversary Complaint. Plaintiff filed its August 2014 complaint to preserve plaintiffs claim for damages in the year between Plaintiff's original filing and the filing of Plaintiff's Anniversary Complaint. These complaints are substantively identical.

# I. BACKGROUND

The following facts are undisputed except as noted: Plaintiff is a retirement plan of an Alabama corporation that holds shares in various mutual funds managed by Defendants, referred to here as the LifeTime Funds. The LifeTime Funds include six different mutual funds.[2] Each of the LifeTime Funds is a "fund of funds." This means that each of the LifeTime Funds invests entirely in other mutual funds called "Underlying Funds." All of the Underlying Funds are created, managed, or controlled by Defendants and/or their affiliates. Shares in the Underlying Funds are held by the LifeTime Funds themselves—not the LifeTime Funds' shareholders. The LifeTime Funds are not the only investors in the Underlying Funds. Individual investors and other funds of funds also invest in the Underlying Funds. Plaintiff does not hold shares in the Underlying Funds.

Defendant Principal Management Corporation ("PMC") serves as the investment advisor to both the LifeTime Funds and the Underlying Funds. Defendant Principal Global Investors ("PGI") is affiliated with PMC and serves as the sub-advisor to the LifeTime Funds and some of the Underlying Funds. Both PMC and PGI are investment advisers to the LifeTime Funds. Defendants, as advisors to both the LifeTime Funds and the Underlying Funds, charge fees for their management of both groups of funds. Defendants charge a Management Fee equal to .03% (or three basis points) of total assets under management to the LifeTime Funds for their oversight of the LifeTime Funds. Plaintiff does not challenge this three basis point fee for management of the fund in which it is undeniably a shareholder.

The Securities and Exchange Commission ("SEC") requires a fund of funds—like the LifeTime Funds—to disclose in its prospectus a figure known as the Acquired Fund Fees and Expenses ("AFFE"). The AFFE is a disclosure item which represents various fees incurred by a fund of funds. Specifically, it reflects the added costs of investing in a fund that invests exclusively in other funds. The SEC specifies how the AFFE must be computed and provides a specific formula. Defendant PMC calculated the AFFE for the LifeTime Funds in accordance with the SEC-mandated formula, and did not increase the computed amount. A portion of the fees represented in the AFFE disclosure is retained by Defendants as advisors to the Underlying Funds, and a portion of the AFFE is dispersed by Defendants to sub-advisors to the Underlying Funds.

---

[2] The LifeTime Funds include: 1) Principal LifeTime Strategic Income Fund; 2) Principal LifeTime 2010 Fund; 3) Principal LifeTime 2020 Fund; 4) Principal LifeTime 2030 Fund; 5) Principal LifeTime 2040 Fund; and 6) Principal LifeTime 2050 Fund. Complaint at ¶ 1.

The parties dispute what the AFFE actually represents. Plaintiff claims that the AFFE represents payments made by LifeTime Fund shareholders to Defendants, and the Court's prior holding that Plaintiff has standing to bring its ICA claim was grounded in the accuracy of this allegation. Here, however, Defendants reassert their argument that Plaintiff does not have statutory standing to assert this claim under ICA § 36(b). For the reasons stated below, the Court finds that Plaintiff lacks statutory standing to pursue this claim and therefore does not reach the merits of Plaintiff's § 36(b) claim.

## II. ANALYSIS

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). "[S]tanding is a threshold question" implicating the Court's subject matter jurisdiction. *Sivolella v. AXA Equitable Life Ins. Co.*, 2012 WL 4464040, at *4 (D.N.J. Sept. 25, 2012) (*citing United States v. $487,825.00 in U.S. Currency*, 484 F.3d 662, 664 (3d Cir. 2007)). The party invoking the Court's jurisdiction bears the burden of establishing standing. *Sivolella*, 2012 WL 4464040, at *4 (citation omitted); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). In the instant case, Plaintiff seeks recovery pursuant to ICA § 36(b), which contains a statutory standing provision. "Statutory standing is simply statutory interpretation: the question it asks is whether Congress has accorded *this* injured plaintiff the right to sue the defendant to redress his injury." *Sivolella*, 2012 WL 4464040, at *4 (quoting *Graden v. Conexant Systems Inc.*, 496 F.3d 291, 295 (3d Cir. 2007)) (internal quotation marks omitted) (emphasis in original).

> ICA § 36(b) provides that
>
> the investment adviser of a registered investment company shall be deemed to have a fiduciary duty with respect to the receipt of compensation for services . . . paid by such registered investment company or by the security holders thereof, to such investment adviser or any affiliated person of such investment adviser. An action may be brought under this subsection by . . . a security holder of such registered investment company on behalf of such company, against such investment adviser, or any affiliated person of such investment adviser . . . for breach of fiduciary duty in respect of such compensation . . . paid by such registered investment company or by the security holders thereof to such investment adviser or person.

15 U.S.C. § 80a–35(b). "To have statutory standing under Section 36(b), a plaintiff must own shares in the investment company which paid the fees being challenged as excessive." *In re Am. Mut. Funds Fee Litig.*, 2009 WL 5215755, at *42 (C.D. Cal. Dec. 28, 2009).

Plaintiff is a LifeTime Funds shareholder and has been at all relevant times. As a shareholder, Plaintiff is a "security holder" of the LifeTime Funds within the meaning of ICA § 36(b). *See, e.g.*, *Stegall v. Ladner*, 394 F. Supp. 2d 358, 362–63 (D. Mass. 2005). Plaintiff is not a security holder in the underlying funds. *See Curran v. Principal Management Corporation*, No. 4:09-cv-00433, 2011 WL 223872, at *4 (S.D. Iowa Jan. 24, 2011) (holding that plaintiffs did not hold shares in underlying funds by virtue of their shares in a fund of funds). Plaintiff readily admits that it has no security interest in the underlying funds. *See, e.g.*, Pl. Resistance P. 12 [Dkt. 179]. In addressing Defendants' standing arguments, Plaintiff argues that it is challenging only fees paid by the LifeTime Funds to Defendants. However, the record reveals that this is not the case.

Plaintiff's claims center on the AFFE, and Plaintiff's standing is dependent on what the AFFE represents. The SEC promulgates rules for required disclosure to investors, with the goal of increasing transparency and providing investors with complete information. *See, e.g.*, *Goldman v. McMahan, Brafman, Morgan & Co.*, 1987 WL 12820, at *7 (S.D.N.Y. June 18, 1987) ("[T]he courts have recognized that the 'fundamental purpose' behind the enactment of the federal securities laws was to require 'full and fair disclosure to participants in securities transactions of the information that would be useful to them in deciding whether to buy or sell securities.'"). In 2006, the SEC created the AFFE requirement by "adopting amendments to our disclosure requirements to require each fund that invests in shares of other funds to disclose in its prospectus fee table the *expenses of funds in which it invests*." Fund of Funds Investments, S.E.C. Release No. 8713, 88 S.E.C. Docket 633, 2006 WL 1698421, at *7 (June 20, 2006) (emphasis added). This disclosure is intended to "provide investors with a better understanding of the actual costs of investing in a fund that invests in other funds, *which have their own expenses* that may be as high as or higher than the acquiring fund's expenses." *Id.* (emphasis added). The AFFE sets "forth the acquiring fund's pro rata portion of the cumulative expenses charged by funds in which the acquiring funds invests." *Id.* It discloses "fees and expenses incurred *indirectly by the Fund* as a result of investment in shares of one or more Acquired Funds." *Id.* at *26 (emphasis added).

The evidence of record only serves to solidify the description of the AFFE cited above, and does not support Plaintiff's contention that it has standing to bring this claim. The testimony of Plaintiff's expert, Professor Mercer Bullard, dispels Plaintiff's argument that the AFFE represents a fee paid directly by the LifeTime Funds, and instead reaffirms that the AFFE is a disclosure indicating the expenses of the Underlying Funds. Professor Bullard testified that the AFFE does

not reveal what shareholders in the LifeTime Funds pay, that "it's not even an actual fee," and instead it is a "formula that the SEC provided to give some idea of what fees top tier shareholders are paying at that underlying fund level. And it wouldn't be a negotiated fee. It wouldn't appear in a management agreement. It is not an actual fee." [Dkt. 170-6 P. 65]. Bullard testified that, while the AFFE does represent real expenses paid by LifeTime Fund shareholders at the underlying fund level, "the AFFE isn't a thing that would be reduced. I mean, the AFFE would go down if the expenses that shareholders incurred at the underlying fund level declined, and those would decline if you were to lower the fees under those contracts." [Dkt. 170-6 P. 67].

Plaintiff claimed that it was not challenging fees paid by the Underlying Funds and attempted to differentiate itself from *Curran v. Principal Management Corporation*, No. 4:09-cv-00433, 2011 WL 223872 (S.D. Iowa Jan. 24, 2011), but the record reveals that Plaintiff's theory is simply a new twist on *Curran*. This is evidenced by Plaintiff's argument that "[w]hile shareholders of the LifeTime Funds do not own shares of the Underlying Funds, they have a beneficial interest in all of the LifeTime Funds' assets, including the Underlying Funds in which the LifeTime Funds invest, and pay fees assessed to the Underlying Funds based on the LifeTime Funds Investment in the Underlying Funds." Pl. Reply to Def. SUF ¶ 9. Though Plaintiff claims it challenges only fees paid by the LifeTime Funds, the LifeTime Funds only pay those fees through their investment in the Underlying Funds at a level once removed from Plaintiff's security interest. That is, Plaintiff holds shares in the LifeTime Funds. The LifeTime Funds, in turn, invest in the Underlying Funds. The LifeTime Fund itself—not LifeTime Fund shareholders—then holds shares in the Underlying Funds. The AFFE represents the fees charged by advisors to the Underlying Funds—including Defendants—and paid from the Underlying Funds. Though Plaintiff insists it is not claiming an interest in the Underlying Funds by virtue of its interest in the LifeTime Funds, that turns out to be precisely the basis of Plaintiff's claim. "To have statutory standing under Section 36(b), a plaintiff must own shares in the investment company which paid the fees being challenged as excessive." *In re Am. Mut. Funds Fee Litig.*, 2009 WL 5215755, at *42 (C.D. Cal. Dec. 28, 2009). Here, Plaintiff owns no such shares.

### III.   CONCLUSION

Plaintiff is a shareholder in the LifeTime Funds, and therefore has standing to challenge fees incurred by the LifeTime Funds. However, Plaintiff makes no such challenge. Plaintiff fails to cite any evidence supporting its representation that the fees it seeks to challenge are drawn from

the Funds in which it enjoys a security interest. Instead, though adamantly arguing that it is not doing so, Plaintiff challenges fees incurred by the Underlying Funds, in which Plaintiff is not a security holder, by alleging an interest in fees incurred by the Underlying Funds by virtue of their holding shares in the Fund of Funds. Because the ICA only allows security holders to challenge fees paid by the entity in which they have an interest, Plaintiff does not have standing to challenge the fees charged to the underlying funds. *Curran*, No. 4:09-cv-00433, 2011 WL 223872 (S.D. Iowa Jan. 24, 2011). Standing is a threshold inquiry implicating the Court's subject matter jurisdiction. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

Upon the foregoing,

**IT IS ORDERED** that the case is dismissed for lack of subject matter jurisdiction. The clerk shall enter judgment for the Defendants.

**DATED** this 3rd day of February, 2016.

_____
JOHN A. JARVEY, Chief Judge
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA